IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                          **Plaintiff,**          )<br>                                                              )           CRIMINAL ACTION<br>v.                                                         )<br>                                                              )           No.  07-20023-01-KHV<br>KEITH MAYS,                                      )<br>                          **Defendant.**     )<br>_____) | |

**MEMORANDUM AND ORDER**

On November 6, 2007, the Court sentenced defendant to 180 months in prison.  This matter is before the Court on defendant's letter (Doc. #79) filed April 20, 2012, which the Court construes as a motion for a copy of the sentencing transcript.  Defendant asks for a free copy of the sentencing transcript, but he has not shown a particularized need for the transcript.  Absent a showing of a particularized need, the Court generally does not provide copies of transcripts to indigent prisoners. Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); see 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132

(2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).  The Court therefore overrules defendant's request for a copy of the sentencing transcript.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #79) filed April 20, 2012, which the Court construes as a motion for a copy of the sentencing transcript, be and hereby is **OVERRULED**.

Dated this 13th day of June, 2012 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge